Filed 11/4/14  P. v. Bailey CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CLYDE BAILEY III,<br><br>    Defendant and Appellant. | B254065<br><br>(Los Angeles County<br>Super. Ct. No. KA094070) |

THE COURT:*

Appellant Clyde Bailey III (Bailey) appeals from an order of resentencing.

As set forth in our prior opinion (*People v. Bailey* (July 16, 2013, B235380) [nonpub. opn.]), Bailey and three other individuals tried to burglarize two residential dwellings in Los Angeles.  The jury convicted him on both counts of attempted residential burglary (Pen. Code, §§ 664/211) and found the gang allegation to be true.  Bailey admitted that he had suffered a prior juvenile adjudication of a serious felony, within the meaning of the Three Strikes law.  Following the entry of judgment, Bailey appealed.  On July 16, 2013, we affirmed the judgment of conviction, but struck the

_____

*    BOREN, P. J., ASHMANN-GERST, J., HOFFSTADT, J.

five-year prior serious felony enhancement under Penal Code section 667, subdivision (a)(1), and remanded the matter for resentencing.

At the resentencing hearing, the trial court struck the erroneously imposed enhancement and restructured Bailey's sentence by reviving a five-year gang enhancement that the trial court had stricken at his initial sentencing. Ultimately, Bailey received the same aggregate seven-year sentence.

On January 27, 2014, Bailey filed a notice of appeal from the order of resentencing.

Counsel was appointed to represent Bailey in connection with this appeal. After examination of the record, counsel filed an "Opening Brief" in which no arguable issues were raised. On August 20, 2014, we advised Bailey that he had 30 days within which to personally submit any contentions or issues for us to consider. No response has been received to date.

We have examined the entire record and are satisfied that Bailey's appellate counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*).) We see no indication that the trial court erred in resentencing Bailey. Accordingly, we conclude that Bailey has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment and sentence entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

The judgment and resentencing order are affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.